**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4541
_____

In Re: DAVID I. COHEN, Debtor
JEFFREY J. SIKIRICA

v.

DAVID I. COHEN, ELAINE COHEN
*David I. Cohen, Appellant
(*Amended per Clerk Order of 2/26/15)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 14-cv-1369)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) and I.O.P. 10.6.
November 23, 2015
Before: BENTON, SENTELLE and GILMAN, Circuit Judges**

(Opinion filed: January 12, 2016)
_____

OPINION***
_____

---

** Honorable Duane Benton, of the United States Court of Appeals for the Eighth Circuit, Honorable David Bryan Sentelle, Senior Judge of the United States Court of Appeals for the District of Columbia Circuit, and Honorable Ronald Lee Gilman, Senior Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

*** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

David I. Cohen filed for Chapter 7 bankruptcy in October 2005, docket No. 05-38135.  The trustee, Jeffrey J. Sikirica, objected to some of Cohen's exemptions.  Alleging a fraudulent transfer, the trustee began a separate adversary proceeding, docket No. 07-2517.  The fraudulent-transfer claim and objection-to-exemptions were consolidated for trial.

On October 31, 2012, the bankruptcy court concluded that Cohen had engaged in fraudulent transfers and entered a judgment against him.  (The court did not then decide the trustee's objections.)  Cohen timely appealed.  The district court remanded, ordering the judgment reduced by contributions from his wife.  On April 7, 2014, the bankruptcy court issued an order reducing the judgment.  This order concluded the adversary proceeding.

Five months later, on August 26, 2014, the bankruptcy court overruled the trustee's objections to the exemptions.  Despite that favorable ruling, Cohen filed a notice of appeal.  That same day, he filed a notice of appeal of the April 7 order.  (The next week, to correct a spelling error, Cohen filed revised notices of appeal.)

The trustee moved to strike as untimely the revised notice of appeal of the April 7 order.  The district court granted the motion.

"We exercise plenary review of the District Court's order and, like that Court, apply a clearly erroneous standard of review to the Bankruptcy Court's factual findings

2

and review its conclusions of law de novo." *In re Lampe*, 665 F.3d 506, 513 (3d Cir. 2011).

Cohen invokes non-bankruptcy civil cases decided by this court. "Ordinarily in civil litigation only those orders that dispose of all issues as to all parties to the case are considered final. However, considerations unique to bankruptcy appeals have led us consistently in those cases to construe finality in a more pragmatic, functional sense than with the typical appeal." *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 279 (3d Cir. 2002) (citing *In re Meyertech Corp.*, 831 F.2d 410, 414 (3d Cir. 1987)). "[A] bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case." *Id.* at 281 (quoting *In re Moody*, 817 F.2d 365, 367-68 (5th Cir. 1987)).

The bankruptcy court's April 7 order concluded the adversary proceeding. Thus, "even though [the order concluding the adversary proceeding did] not conclude the entire bankruptcy case," it was appealable as a final order. *See id.* Cohen did not timely appeal that order. *See* Fed. R. Bankr. P. 8002(a) (requiring notice of appeal to be filed within 14 days after entry of order).

The order striking the revised notice of appeal is affirmed.